**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN THE MATTER OF WILD EAGLE MARINE LLC, | Case No. CV 24-9789 FMO (ASx) |
| _____ | |
| WILD EAGLE MARINE LLC, et al., | |
| Plaintiffs-in-Limitation, | **JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)** |
| v. | |
| ELAINE MARIE MCKAY, et al., | |
| Claimants/Respondents. | |

Pursuant to the Order Re: Motion for Default Judgment, filed contemporaneously with the filing of this Judgment, the court hereby finds:

1.  On November 13, 2024, plaintiffs-in-limitation filed this action under the Limitation of Liability Act, 46 U.S.C. §§ 30501, et seq., seeking to limit their liability for the incident involving the vessel, "Four Kings," a 2005 48-foot Cabo Convertible. (See Dkt. 1, Complaint at ECF 1 & ¶¶ 2-4, 9, & Prayer for Relief).

2.  On December 3, 2024, the Magistrate Judge issued a monition to all individuals and entities asserting any claim with respect to the incident, admonishing them to file their respective claims on or before January 20, 2025. (See Dkts. 19 & 20, Court's Orders of December 3, 2024).

3.  Plaintiffs-in-limitation published notice of the monition and of this action in the Los Angeles Times for four successive weeks. (See Dkt. 41, Request for Clerk's Entry of Default at

4); (Dkt. 41-5, Exh. C, Proof of Publication at ECF 2-3); (Dkt. 32, Notice of Compliance Re: Publication Order).  Plaintiffs-in-limitation also served the notice and pleadings on all potential claimants.  (See Dkt. 41, Request for Clerk's Entry of Default at 4); (Dkt. 41-4, Exh. B, Notice of Filing of Action at ECF 2-4); (Dkt. 33, Notice of Compliance Re: Service of Potential Claimants).

4.  Erin Earlywine, Cynthia Howard, Jesse Howard, Barry Vince, Rebekah Vitale, Sarah Eileen Cameron, Dena Noble, Gareth Evans, and Luke Phair's filed their answers to the Complaint and asserted counterclaims for negligence and gross negligence.  (See Dkt. 22, Answer 1); (Dkt. 23, Counterclaim 1 at ¶¶ 17-30); (Dkt. 28, Answer 3); (Dkt. 29, Counterclaim 3 at ¶¶ 14-24).  Claimant Elaine Marie McKay, in her capacity as the representative of the Estate of John Correa, also filed an Answer to the Complaint, (Dkt. 24, Answer 2), and a counterclaim asserting claims for negligence, gross negligence, and wrongful death.  (See Dkt. 25, Counterclaim 2 at ¶¶ 16-30).  No other claimant filed an answer or claim.  (See, generally, Dkt.).

5.  On April 7, 2025, the clerk entered default as to all potential claimants, known or unknown, who had not filed and served claims in this action before January 20, 2025. (See Dkt. 42, Default by Clerk).

6.  No other possible claimants who have not filed and served their claims have moved the court to set aside the default.  (See, generally, Dkt.).

7.  There are no facts to indicate that any other possible claimants who may have unfiled and unserved claims are minors, incompetent, or subject to the protection of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521.

8.  It is therefore adjudged that all other potential claimants who have not filed and served their claims against plaintiffs-in-limitation are hereby in default.

9.  The court finds that there is no just reason for delay in entering a partial judgment against claimants, known or unknown, who did not file claims in response to the Complaint on or before January 20, 2025.

Dated this 4th day of June, 2026.

/s/<br>
_____<br>
Fernando M. Olguin<br>
United States District Judge